[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10393
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2010
JOHN LEY
CLERK

Agency No. 4936-08

EUGENE DOLLANDER,
GLENDA DOLLANDER,

Petitioners,

versus

INTERNAL REVENUE SERVICE,

Respondent.

_____

Petition for Review of a Decision of the
U.S.Tax Court

_____

(June 22, 2010)

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

Eugene Dollander was a federal employee who worked for the Department of Veterans Affairs (VA) as a staff registered nurse. While employed with the VA, he established a Thrift Savings Plan (TSP) account. As a result of mental and physical illnesses, and financial problems including a negative cash flow, Dollander withdrew $158,000 from his TSP account as a financial hardship distribution. He and his wife, Glenda M. Dollander, as joint filers, later received a notice of tax deficiency from the Internal Revenue Service (IRS) reflecting a tax increase of $16,918 and a penalty of $217.40 for taxable year 2005 representing the 10-percent additional tax under 26 U.S.C. § 72(t)(2)(A) for early distributions from a qualified retirement plan. They were also assessed a $3,384.00 accuracy-related penalty pursuant to 26 U.S.C. § 6662(a) because they understated some interest income and failed to report the cancellation of debt income. The Dollanders, pro se, appeal the Tax Court's order finding them liable for these income tax deficiencies.

We find that the Tax Court correctly found that the Dollanders were liable for the additional 10-percent tax on their TSP withdrawal because there is no financial hardship exemption in § 72(t). This statute states that "[i]f any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such

2

amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income." Although § 72(t) lists several exceptions that may give rise to an escape from the 10-percent additional tax for early withdrawals, financial hardship is not one of them.[1] The Supreme Court has held that "exemptions from taxation are not to be implied; they must be unambiguously proved." *United States v. Wells Fargo Bank*, 485 U.S. 351, 354, 108 S. Ct. 1179, 1182 (1988).

As to the § 6662(a) accuracy-related penalty, the Tax Court's finding is not challenged in the Dollanders' brief and is therefore waived on appeal. *See Horsley v. Feldt*, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002) (holding that issues not argued on appeal by pro se litigants are waived).

Accordingly, after considering the record and briefs, we find no error on the part of the Tax Court, and we deny the petition for review.

**PETITION DENIED.**

---

[1]One exemption is a withdrawal that is "attributable to the employee's being disabled within the meaning of subsection (m)(7)," *see* 26 U.S.C. § 72(t)(2)(A)(iii), but the Dollanders do not challenge the Tax Court's finding that Mr. Dollander was not disabled within the meaning of § 72(t).